CARTER *vs.* HUNT and METCALF.

A testator, by the 4th clause of his will. devised as follows: "I give and devise to my son-in-law J. M. the house and lot I now occupy, &c. to be used and enjoyed by him during the term of his natural life, and from and immediately after his decease I give and devise the same to S. the daughter of said J. M., her heirs and assigns forever. It is my wish, however, that so long as the house shall remain in the actual occupation of said J. M., and his sister E. H. shall remain a widow, and otherwise unprovided for, the said E. H, shall have the free and full use of the east chamber thereof, for her sole and individual purpose ; but nothing herein contained shall be construed to prevent the said J. M. from selling the said house and lot and giving full possession thereof whenever his and his daughter's interest may be promoted thereby."

*Held* that the testator did not intend to confer upon J. M. the power to sell in fee, but only to limit E. H.'s right to the possession of the east chamber in the event of J. M.'s selling or leasing his life estate.

And that S. took a vested remainder in fee, which, upon her dying intestate, descended to her only child and heir at law, and upon the death of J. M., the tenant for life, such remainder became a fee simple absolute.

THIS was an action to recover the possession of a lot of land in the village of Seneca Falls, and was tried before the court, without a jury. The judge found the following facts, viz: on the 30th day of November, 1849, Peter Miller, who was the owner of the premises in question, made his last will and testament in writing, and died May 17, 1852. By the fourth clause of his will he devised as follows : "Fourthly, I give and devise to my son-in law, Jonathan Metcalf, the house and lot I now occupy in the village of Seneca Falls, known as the parsonage, to be used and enjoyed by him during the term of his natural life, and from and immediately after his decease I give and devise the same to my grand-daughter, Sophia, daughter of said Jonathan, her heirs and assigns forever. It is my wish, however, that so long as the house shall remain in the actual occupation of said Jonathan, and his sister, Elizabeth Howe, shall remain a widow, and otherwise unprovided for, that the said Elizabeth shall have the free and full use of the east chamber thereof for her sole and individual purpose, but nothing herein contain-

ed shall be construed to prevent the said Jonathan from leasing and selling the house and lot and the giving full possession thereof, whenever his and his daughter's interest may be promoted thereby."

The plaintiff, James B. Carter, intermarried with said Sophia Metcalf, and they lived and cohabited together as husband and wife until May 31, 1859, when said Sophia died intestate, leaving an infant child, her surviving, named Hattie Sophia Carter, who was her only child and heir at law, and was the daughter of the plaintiff and the offspring of said marriage. Said Hattie Sophia Carter died intestate, September 27, 1859. Said Jonathan Metcalf, devisee for life, named in said will, died in December, 1861. After the death of Peter Miller said Jonathan entered and occupied the premises for a time, under said provision in the will. On the 21st of February, 1860, he executed and delivered a deed with covenants of warranty, purporting to convey said premises to Willard Metcalf in fee simple absolute. On the 30th April, 1861, said Willard Metcalf and wife executed and delivered to the defendant Joseph Metcalf a quit-claim deed purporting to convey his interest in the premises to the defendant Joseph Metcalf. This was action commenced February 19, 1862, at which time Samuel Hunt was the actual occupant of said premises, holding as the tenant of the defendant Joseph Metcalf, who then claimed to have some title or interest in the premises adverse to the plaintiff.

As a conclusion of law, the judge found and adjudged that the plaintiff, at the time of commencing this action, and immediately after the death of said Jonathan Metcalf, was, and still is, the owner in fee simple absolute of said premises, and is entitled to recover the possession thereof. That the defendants wrongfully and unlawfully withheld from the plaintiff the possession of said premises, and that the plaintiff was entitled to recover against the defendants, for the rents and profits of the premises, the sum of $22.50, with costs. Judgment being entered accordingly, the defendants appealed.

Carter *v.* Hunt.

*T. R. Strong,* for the appellants.

*J. K. Richardson,* for the respondent.

*By the Court,* WELLES, J. The will of Peter Miller gave a life estate in the premises in question to Jonathan Metcalf, with remainder in fee to his daughter Sophia. Whether such remainder was vested, or contingent, depending upon the fact of a sale by Jonathan, is one of the questions to·be considered. And this depends entirely upon the question whether the testator intended, in any·event, to confer upon him a power to sell and convey the premises in fee. If the will contains such a power, the remainder was clearly contingent; if not, it was vested, and upon the death of Jonathan and of Sophia, intestate, the descent would be cast upon her heir. The will does not contain any express power to sell, but it is claimed on behalf of the defendants that it does contain such power by implication.

After the best examination and consideration which I have been able to give the question I have come to the conclusion that no such power is to be found in the will, either express or implied. If it can be discovered, by an examination of the whole will, that the testator intended to confer upon his son-in-law, Jonathan Metcalf, the power to sell and convey the premises in fee, such intention must prevail, although it may involve an apparent repugnancy with other provisions, and although the consequence may be to defeat the remainder given to Sophia. In the interpretation of wills, such construction is to be given as to give effect to every expression the will contains, if it may be done; and to adopt such a construction, if possible, as shall harmonize the different parts and provisions without.violating the plain and obvious intention of the testator. This, I think, can be done in the present case.

It will be seen by the clause of the will out of which these questions arise, that while the testator desired to provide to

some extent for Mrs. Howe by allowing her the use of one of the rooms of the house, he did not intend thereby to prohibit his son-in-law from exercising his right to sell or lease his life estate which had been given, or, in case of such sale or lease, from giving full possession. He would have the undoubted right to sell his life estate, in case nothing had been said in the will about selling ; but to preclude all question and controversy which might arise in case the interest of the two devisees—his son-in-law and grand-daughter—might be promoted by leasing or selling, and in either case, of giving full possession, he inserts the clause which the defendants claim includes an implied power to sell, by way of qualifying the provision for Mrs. Howe and of determining or putting an end to her right to the possession of the room he had assigned her. After giving in explicit terms the life estate to Jonathan and the remainder in fee to Sophia, the testator proceeds immediately as follows : " It is my wish, however, that so long as the house shall remain in the actual occupation of said Jonathan, and his sister Elizabeth Howe shall remain a widow and otherwise unprovided for, that the said Elizabeth shall have the free and full use of the east chamber thereof for her sole and individual purpose, but nothing herein contained shall be construed to prevent the said Jonathan from leasing and selling the said house and lot, and the giving full possession thereof, whenever his and his daughter's interest may be promoted thereby."

It seems quite clear to me that the language cannot be tortured into a power to sell in fee, but that it can be regarded only as a proviso, unnecessarily inserted as I think, but done by way of abundant caution, with a view to limit Mrs. Howe's right to the possession of the east chamber of the house in the event of his selling or leasing his life estate.

This view leaves all the parts of the fourth clause of the will in perfect harmony, and secures to the testator's grand-daughter a vested remainder in fee, which I think was his intention.

Carter *v.* Hunt.

Upon the death of Sophia Carter intestate, her estate in remainder descended to her daughter Hattie Sophia, her only child and heir at law. By the death of Hattie the same estate was cast upon the plaintiff, her father, and upon the death of Jonathan Metcalf, the tenant for life, the particular estate upon which the remainder rested was terminated and the remainder then in the plaintiff became a fee simple absolute, as the justice who tried the cause has found.

A point is now made in behalf of the defendant Joseph Metcalf, to the effect that he was not in possession of the premises at the time of the commencement of the action, and that they were in the actual occupation of the defendant Hunt. It appeared that the defendant Hunt was in possession under the defendant Metcalf, who then claimed to have some title or interest in the premises adverse to the plaintiff. This objection, if taken in season, would, under the revised statutes, have been available to the defendant Metcalf, (2 *R. S.* 304, § 4;) but I think it comes too late. From all I can discover in the papers, this is the first time the question has been raised or alluded to. If it had been taken at the trial *non constat* but the objection might have been obviated, or that the plaintiff would have taken judgment against Hunt alone.

But the 118th section of the code provides that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. This provision amply justified the plaintiff in making Joseph Metcalf a party defendant. The judgment should be affirmed.

Ordered accordingly.

[Monroe General Term, September 7, 1863. *E. Darwin Smith, Johnson* and *Welles*, Justices.]