Christie *v.* Gage.

---

SAMUEL CHRISTIE *v.* HENRY GAGE.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

A testator died in 1824 leaving a will, by which he devised land to one of his devisees, without words of inheritance, and afterward gave his widow a third of his realty, adding, "and which at the time of her decease shall be and the same is hereby declared to be for the use and at the disposal of those to whom it is above devised."—*Held*, that the word "which" referred only to the one-third of the realty devised to the widow; and the devise, without words of inheritance, was not enlarged into a fee, but carried a life estate only to the devisee.

THIS was a motion by the plaintiff for a new trial, on a case with exceptions ordered to be heard in the first instance at General Term.

The action was brought to recover nine equal undivided thirtieths of an hundred acres of land in Middlesex, Yates county.

The plaintiff claimed title as owner of the residuary interests of certain heirs-at-law of Andrew Christie, Senior,

Christie *v.* Gage.

deceased, and the defendant was in possession claiming from Andrew Christie, Junior, as devisee under the will of the said Andrew Christie, Senior.

Andrew Christie, Junior, died before the commencement of the action.

Upon the trial the only question which arose was upon the construction of the will of Andrew Christie, Senior, which was duly proved and was shown to have taken effect by the testator's death on the 24th March, 1824.

The will devised certain pieces of real estate to the testator's sons, their "heirs and assigns," respectively, and then gave the land in controversy "to my grandson, Andrew Christie, son of Gilbert Christie, to be taken adjoining land above given, and devised herein to Gilbert Christie;" and then after some bequests of personalty, proceeded to "give and devise and bequeath also unto my said wife, Sarah, the use, benefit and improvement of one-third part of the landed estate of which I may be possessed at the time of my decease, during the term of her natural life, and which, at the time of her decease, shall be, and the same is hereby declared to be, for the use and at the disposal of those to whom it is above devised," &c.

The defendant moved for a nonsuit upon the ground that the devise to Andrew Christie, Junior, carried a fee, subject only to the life estate of the widow.

The court granted the motion, ruling that the defendant had derived a fee of the land from Andrew Christie, Junior, and was entitled to retain possession as the owner thereof.

*James A. Christie,* for the plaintiff.

*Charles R. King,* for the defendant.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The will of Andrew Christie went into effect before the Revised Statutes took effect, and its pro-

visions are not governed by those statutes. Before the passage of these statutes the law was conclusively settled that when there was a devise to a person without naming his heirs, or containing other words of perpetuity, the devisees took a life estate only. (*Charter* v. *Otis*, 41 Barb., 525, and cases cited.)

The clause of the will which gives to the testator's grandson, Andrew, the 100 acres in dispute, standing alone, contains no words of perpetuity, and hence he took a life estate only.

But in this, as in most other cases, the intent of the testator when ascertained must govern, provided the language admits of construction. It is one of the rules of the construction of wills, that every expression in the will shall have effect if possible, unless the intention of the testator would thereby be defeated. (*Carter* v. *Hunt*, 40 Barb., 89.)

In the clause which gave an estate for life to the widow in one-third part of the testator's real estate, there is added the following words: "And which at the time of her decease shall be, and the same is hereby declared to be, for the use and at the disposal of those to whom it is above devised."

The word "which" in the clause recited obviously relates to the one-third of the estate devised to the widow for life. And if so, then the clause in question does not apply to the other two-thirds devised by the previous clauses of the will to his children. The object of the clause was to make it certain that at the widow's death the land taken and occupied by the widow should belong to those to whom it would have belonged had the widow not received any portion of it.

If that is the construction, it does not enlarge the estate of Andrew, except in so far as it secures him for the term of his life of so much of the 100 acres devised to him as the widow should take from him.

If the word "which" in the clause under consideration referred to the landed estate previously mentioned in the same clause, it might be construed as evincing an intention that all the devisees should, on the death of the mother, take the lands devised to them in fee. But such a construction

cannot be given to the clause without violating the plainest rules of grammar, and, I may add, the manifest intention of the testator.

This clause being laid out of view, there is nothing in the will that justifies the assumption that it was the intention of the testator to give Andrew anything beyond a life estate in the 100 acres. On the contrary, the testator seems to have understood that the omission of words of perpetuity reduced the estate devised to an estate for life, as in every devise contained in the will, except in that to Andrew and to the widow, words of perpetuity are used. This omission is most significant.

It is unnecessary to say that, although by the codicil the estate devised to Andrew is reduced from a life estate, in so much of the 100 acres as were not taken by the widow, to an estate for the residue of his life, after the death of the widow, yet there is nothing in the codicil manifesting an intention to enlarge the estate to a fee.

New trial granted, costs to abide the event.