Providence,
 

 Dureee, C. J.
 

 The will of the late Honorable Richard W. Greene, deceased, contains the. following devise, to wit:
 

 “ I give and devise to my nephew, Henry Ward Greene, my undivided half of the Potowomut Mill and mill privilege and the land and dwelling-house occupied' as a part of said mill estate ; but this devise is subject to this express condition, that he is not to raise nor suffer to be raised the dam of said mill privilege to a greater height than its present height, and in case of such raising, of said dam his title to said undivided half of said mill and mill, privilege, land and dwelling-house, shall be forfeited and become null and void.”
 

 The testator had an estate in fee simple in the property devised. The question submitted to us is, Did Henry Ward Greene take an estate in fee simple under the will, subject to the condition, therein expressed, or only a life estate? We think he took a
 
 *488
 
 fee, for, the testator’s undivided half being a fee, it follows logically that a devise of his undivided half is a devise of a fee. If the estate is for life only, it is so for the technical reason that the devise is without words of inheritance. But it is well settled that words of inheritance are not necessary in a will to pass a fee, if an intent to pass it is otherwise evinced. Thus, a devise of “ all my estate,” or of “ my estate,” will pass a fee, if the testator has it, whether the devise be general or with words of locality.
 
 Leland et al.
 
 v. Adams, 9 Gray, 171;
 
 Arnold
 
 v.
 
 Lincoln,
 
 8 R. I. 384 ;
 
 Beall
 
 v.
 
 Holmes,
 
 6 Har.
 
 &
 
 J. 205, 208;
 
 Chamberlain et al.
 
 v.
 
 Owings,
 
 30 Md. 447;
 
 Donovan
 
 v. Donovan, 4 Harring. Del. 177 ;
 
 Lambert's lessee
 
 v. Paine, 3 Cranch, 97 ; 2 Redfield on Wills, cap. 14, § 68, 13. So a devise of “ my landed property,” or of
 
 “
 
 all my landed property,” will carry a fee.
 
 Fogg
 
 v.
 
 Clark,
 
 1 N. H. 163;
 
 Foster
 
 v.
 
 Stewart,
 
 18 Pa. St. 23. In
 
 Neide
 
 v. Neide, 4 Rawle, 75, the devise was, “ my late purchase from E. C., and
 
 also
 
 four acres of woodland,” in a designated locality, and the purchase from E. C. having been a fee, it was held that the devisee took a fee not only in the purchase, but also in the four acres of woodland. In
 
 Doe dem. Atkinson
 
 v.
 
 Fawcett,
 
 3 C. B. 274, 283, a devise to B. of “ my moiety of the bouse he now lives in,” was held to carry the fee. In
 
 Paris
 
 v.
 
 Miller,
 
 5 M. & S. 408, a devise of “ my share ” in certain lands was held to carry a
 
 fee;
 
 and
 
 McClure
 
 v.
 
 Douthitt,
 
 3 Pa. St. 446
 
 ;
 
 reheard 6 Pa. St. 414, is to the same effect. These latter cases are not distinguishable from the case at bar. In
 
 Bebb
 
 v.
 
 Penoyre,
 
 11 East, 160, the language was, “ I give to my brother Samuel Castell
 
 my half part
 
 of the five freehold houses which I hold with him in Leadenhall Street; ” and Lord Ellenborough expressed the opinion that the devise carried the fee, though he did not have to decide the point. In
 
 Montgomery
 
 v.
 
 Montgomery,
 
 3 Jo.
 
 &
 
 Lat. 47, in the Irish Chancery, Sir Edward Sugden, as chancellor, cited Lord Ellenborough’s opinion with approval, and followed it. See also
 
 Hance
 
 v.
 
 West,
 
 32 N. J. Law, 233;
 
 Purcell
 
 v.
 
 Wilson,
 
 4 Grat. 16.
 

 It is contended that an intent to devise only a life estate may be inferred from the structure of the clause devising the estate, and from other parts of the will. We think the indications referred to are too insignificant and uncertain to affect the construe
 
 *489
 
 tion. Our decision is, that Henry Ward Greene takes an estate in fee simple, subject to the condition expressed in the will.
 

 William C. Boelher,
 
 for complainants.
 

 Bdwin Metcalf,
 
 for Henry W. Greene.
 

 Vincent Carpenter,
 
 for the other respondents.
 

 We have reached our conclusion without recourse to Gen. Stat. R. I. cap. 171, § 5,
 
 [1]
 
 and therefore, without finding it necessary to determine whether that statute, which went into effect after the will was executed, though before the testator died, is applicable as a rule of construction for the will. The question is one on which there is some conflict of authority. On the side that it is applicable, see
 
 Cushing
 
 v.
 
 Aylwin,
 
 12 Met. 169;
 
 Pray
 
 v.
 
 Waterson,
 
 12 Met. 262 ;
 
 Winchester
 
 v.
 
 Forster,
 
 3 Cush. 366, 371;
 
 Loveren
 
 v.
 
 Lamprey,
 
 22 N. H. 434;
 
 Perkins
 
 v.
 
 George,
 
 42 N. H. 453, and cases cited. On the other side, see
 
 Ashburnham
 
 v.
 
 Bradshaw,
 
 2 Atk. 36 ;
 
 Gable's Executors
 
 v.
 
 Daub,
 
 and cases cited, 40 Pa. St. 217, 220,
 
 sq.; Carroll
 
 v.
 
 Lessee of Carroll,
 
 16 How. U. S. 275 ;
 
 Smith
 
 v.
 
 Edrington,
 
 8 Cranch, 66
 
 ; Green
 
 v.
 
 Dikeman,
 
 18 Barb. S. C. 535 ;
 
 Christie
 
 v.
 
 Gage,
 
 5 Lans. 139;
 
 Williamson
 
 v.
 
 Williamson,
 
 5 Jones Eq. 142;
 
 Battle
 
 v.
 
 Speight,
 
 9 Ired. 288.
 

 [1]
 

 The statute provides : “ Whenever any real estate shall be devised to any person without words of limitation, such devise shall be construed to pass the fee simple or other the whole estate or interest which the testator had power to dispose of by will in such real estate, unless a contrary intention shall appear by the will.”