GEORGE H. HUMPHREY, AS EXECUTOR, ETC., OF GEORGE TEGG, DECEASED, RESPONDENT, *v.* MARY A. WINSHIP, APPELLANT.

*Will— construction of bequest — when it refers to the persons occupying certain marital relations to the legatees at the time it is made, and not to those who may subsequently occupy them.*

A testator directed his trustee, upon the death of his widow, to invest two-sevenths of his estate in interest bearing securities, and to pay over one half of the interest thereof "to each of my two daughters, Elizabeth and Mary Ann, so long as she shall continue living and unmarried; but in the event of the death of either of my two daughters, last aforesaid, then he shall divide and distribute such one-seventh part equally among her children; or in the event of the death of the husband of either of said two daughters he shall pay over said one-seventh part, or transfer the securities therefor, to her personally."

*Held,* that the testator referred to the husbands living at the time the will was drawn; that upon the death of one of the said husbands, after the death of the testator, his wife was entitled to receive the body of the bequest and not merely the income thereof, and that she did not lose the right so to do by a subsequent remarriage.

APPEAL from a judgment, entered upon the decision of the Monroe Special Term, giving a construction to a will of George

Tegg, deceased. The will was made 26th of July, 1870. Testator died September 15, 1872, leaving eight children.

The appellant was married when the will was made. She lost her husband October 1, 1876. On August 1, 1878, she married again, her present husband. The testator's widow died October 18, 1880.

The property was to be converted into money, and disposed of by the trustee, at death of the testator's widow. The will provided among other things that the trustee was,

2d. "To invest two one-seventh parts thereof, upon such interest bearing securities as to him may seem most prudent and safe; and one-half the interest thereof to pay over to each of my two daughters, Elizabeth and Mary Ann, so long as she shall continue living and married; but in the event of the death of either of my two daughters last aforesaid, then he shall divide and distribute such one-seventh part equally among her children, or in the event of the death of the husband of either of said two daughters, he shall pay over said one-seventh part, or transfer the securities therefor, to her personally.

"But should either of my said daughters die before her husband, and without children, then it is my will that he divide one-seventh part equally between such of my children as may be living, and the heirs of such as may be dead *per stirpes*."

*Perry & Hopkins*, for the appellant.

*G. W. Humphrey*, for the respondent.

HARDIN, J.:

Full effect should be given to all the language used by the testator, and that construction is preferred, and more reasonable, which gives significance to all the language used.

Respondent's construction renders useless the words "in the event of the death of the husband of either of the said two daughters * * he shall pay over * * or transfer * * to her personally."

Whereas the construction contended for by the appellant impregnates those words with the intent on the part of the testator, that in the event of the death of the husband living at the time the

will was made, the daughter should receive the body of the bequest, instead of merely the income thereof.

Such construction is favored by the authorities. (*Lovett* v. *Gillender*, 35 N. Y., 619; *Carter* v. *Hunt*, 40 Barb., 89; *Arcularius* v. *Geisenhainer*, 3 Bradford, 64.)

Testator referred to the marriage existing between the daughter and her husband living at the time the will was drawn, and in the use of the words "death of the husband of either," etc., to the then husband. This language referred to an actually existing state of facts, known to him when the will was prepared. (*Gold* v. *Judson*, 21 Conn., 616; *Morse* v. *Mason*, 11 Allen, 36; *Quinn* v. *Hardenbrook*, 54 N. Y., 83; *Wetmore* v. *Parker*, 52 id., 450.)

Appellant was entitled to have paid or transferred to her the body of her share, and not simply the income thereof; it vested on the death of her husband. (*Robert* v. *Corning*, 15 Weekly Digest, 79.)

Judgment should be reversed, and judgment ordered in accordance with this opinion for the appellant, with costs of the appeal payable out of the fund.

SMITH, P. J., and HAIGHT, J., concurred.

Judgment reversed and judgment ordered in accordance with the opinion, with costs of the action and of this appeal, payable out of the estate.