PHEBE L. LEWIS *vs.* ALLEN S. DOUGLASS.

Patent ambiguities in a will must be solved by construction, not by evidence.

Hence the declarations of a testator to the scrivener of the will are not admissible to explain conflicting provisions of the will itself.

Testamentary disposition as follows:

"1. I give, devise, and bequeath to my wife P. . . . the privilege of the south half of the house, and also the south garden, and also the keeping of a cow the year round, and also all the household furniture, for her own personal benefit during her natural life or widowhood. . . .

"2. I give and bequeath to my wife P., after all my just debts and funeral charges are paid, all of my remaining property during her natural life and widowhood. . . .

"3. I . . . do appoint B. executor of my last will and testament, to dispose of all my real and personal property that I am possessed of at my decease, and what remains of that property to be divided equally between my three sons, M., D., and B.

*Held,* that clause 2 did not cover the house and homestead estate mentioned in clause 1.

*Held,* further, that clause 3 was to be construed simply as a general residuary clause affecting property not disposed of in the preceding clauses.

PLAINTIFF'S petition for a new trial.

*Providence, December* 31, 1884. MATTESON, J. This was an action of trespass and ejectment to recover possession of a tract of land, situated partly in Hopkinton and partly in Exeter, being the homestead estate of Moses B. Lewis, deceased. The writ was dated the 2d day of January, 1883. The defendant pleaded: *first,* freehold in himself; *second,* not guilty. The plaintiff joined issue on both pleas.

The plaintiff is the widow of Moses B. Lewis, and claimed title to the tract under his will. The portions of this will material to the present inquiry are the following, namely:

"1. I give, devise, and bequeath to my wife Phebe L. Lewis the interest of twenty six hundred dollars in the First National Bank in Hopkinton, R. I., and also the privilege of the south half of the house, and also the south garden, and also the keeping of a cow the year round, and barn room for the cow, and also all the household furniture, for her own personal benefit during her natural life or widowhood. . . . Also the wood for one fire prepared for the stove.

.    .    .    .    .    .    .    .    .    .    .    .

"2. I give and bequeath to my wife Phebe L. Lewis, after all

my just debts and funeral charges are paid, all of my remaining property during her natural life and widowhood.

.   .   .   .   .   .   .   .   .   .   .   .

" 3. I, Moses B. Lewis, do appoint Benjamin T. Lewis executor of my last will and testament, to dispose of all of my real and personal property that I am possessed of at my decease, and what remains of that property to be divided equally between my three sons, Moses D. Lewis, Daniel C. Lewis, and Benjamin T. Lewis."

.   .   .   .   .   .   .   .   .   .   .   .

The defendant claimed title to the tract sued for under a deed from the above named Moses D. Lewis and Benjamin T. Lewis, dated the 9th day of December, 1882. This deed reserved " for the use of Phebe L. Lewis, during the term of her natural life, the south half of the dwelling house on said premises, the south garden, and room in the barn to keep a cow, as provided in the last will and testament of said Moses B. Lewis, deceased," and also contained a covenant on the part of the defendant with the makers, and particularly with Benjamin T. Lewis, executor of said will, that he would furnish to Phebe L. Lewis, during her natural life, the fire wood sufficient for one fire, cut and split, and delivered at the door, ready for use, and would also furnish her, for the same time, the fodder and feed for keeping one cow, according to the provisions of said will.

At the trial, the plaintiff claimed, and put in evidence tending to prove, that she was in possession of all the premises described in the writ and declaration on the 16th day of December, 1882, and that on that date she was ejected therefrom and dispossessed thereof by the defendant, who had since been in the occupation and possession of the same, and had kept her out of the possession thereof. It also appeared in evidence, and was not disputed, that the testator at the execution of his will and at his death was the owner in fee of several farms, with houses, gardens, barns, and other buildings thereon. The plaintiff offered to prove by Stanton Austin, of Hopkinton, that he wrote the said last will and testament, at the request of the testator, on the day it was executed, namely, July 20, 1871, and also what the testator meant by the clause therein, as follows : " I give and bequeath to my wife Phebe L. Lewis, after all my just debts and funeral

charges are paid, all of my remaining property during her natural life and widowhood," in the connection in which the same was used in said will, and also to prove by said witness that there was in reality no conflict in the provisions of said will, understanding them as the testator did, so far as the plaintiff was affected thereby; and also to explain by said witness the latent ambiguities in said provision of said will, whereby the interest of the plaintiff in the property of the testator that was disposed of by said will was affected. But the court ruled such evidence inadmissible and refused to allow the plaintiff to put in such proof.

The defendant claimed, and put in evidence tending to prove, that he had not broken his covenant above recited, and had never dispossessed the plaintiff of the south half of the dwelling house on the tract of land described in the plaintiff's writ and declaration, nor of the south garden on the same, nor of room in the barn on the same to keep a cow, and had not kept her out of possession of the same, or any part thereof, but admitted that he had been in the possession and occupation of the remainder of said premises ever since the 16th day of December, 1882.

The plaintiff requested the court to instruct the jury: " That under the will of said Moses B. Lewis, the plaintiff is entitled, under the residuary clause in her favor, to a life estate during her widowhood in what remained of the real estate of which he died seized and possessed, not specifically devised or bequeathed, including the homestead farm." But the court declined to instruct the jury in accordance with such request, and did instruct them that the only interest that the plaintiff took under and by virtue of the provisions contained in said last will and testament in said homestead farm, was " the privilege of the south half of the house, and the south garden, and the keeping of a cow the year round, and barn room for the cow, and all the household furniture for her own personal benefit, during her natural life or widowhood," as expressed in the first clause of said will; and that said residuary clause in her favor did not operate to convey any portion of said homestead farm, however it might be with reference to any other of her husband's real estate.

The jury returned a verdict of not guilty.

The plaintiff, having duly excepted to the refusal of the court

to permit the testimony of Stanton Austin to go to the jury, and to the ruling of the court that such testimony was inadmissible, and also to the declination of the court to give the instruction to the jury requested and to the instruction as given, now petitions for a new trial, basing her petition upon these exceptions.

The ambiguity sought to be aided by the testimony offered was not, as the plaintiff's counsel supposes, a latent ambiguity, that is, one arising upon the evidence, in aid of which extrinsic evidence is admissible, as, for instance, where it appears that there are two persons or estates, both answering equally the description in the will, and the question is whom or which the testator intended, but was an ambiguity arising from the apparent conflict of the provisions of the will itself, and was, therefore, a patent ambiguity, or one appearing on the face of the instrument. Such an ambiguity is to be removed, if at all, by construction and not by averment. To permit parol evidence to be given in aid of such an ambiguity would not only be in violation of the well settled rule that the testator's intent is to be ascertained by the will itself, but would also be contrary to the statute, which requires wills to be in writing. The declarations or instructions of the testator to the witness were, therefore, inadmissible for the purpose of showing what the testator meant by the provision of the will, and were properly excluded. Broom's Legal Maxims, *609 – 614; *Richards* v. *Dutch*, 8 Mass. 506, 515; *Farrar* v. *Ayres*, 5 Pick. 404, 409; *Crocker* v. *Crocker*, 11 Pick. 252, 256, 257; *Brown* v. *Saltonstall*, 3 Met. 423, 427; *Tucker* v. *The Seaman's Aid Society*, 7 Met. 188, 207, 208; *Stevens* v. *Vancleve*, 4 Wash. C. C. 262, 265; *Mann* v. *Executors of Mann*, 1 Johns. Ch. 231, 234, 235; *Jackson* v. *Sill*, 11 Johns. Rep. 201, 215, 219, 220; *Miller* v. *Travers*, 8 Bing. 244, 247–250; *Doe dem. Gord* v. *Needs*, 2 M. & W. 129, 139; *Doe dem. Hiscocks* v. *Hiscocks*, 5 M. & W. 363, 367–369, 372.

Still less admissible would be the construction given by the witness to such declarations or instructions, which the language of the offer seems broad enough to include.

Nor do we find that the court erred in declining to give the instruction requested, or in the instruction given. The clauses of the will which we are called upon to construe are somewhat

obscure in meaning and apparently conflicting. We have endeavored to construe them in such a manner as to render them consistent and to give effect to each. We are inclined to the opinion that the second clause, above quoted, by which the testator gives and bequeaths to his wife, after all his debts and funeral charges are paid, all his remaining property, did not convey to her the homestead estate; for, although the words "all my remaining property" are broad enough to have passed the homestead estate, it is a little singular, and, indeed, hardly supposable, that the testator should have taken pains to define so particularly in the first clause quoted the privileges which she was to enjoy in that estate, if it had been his intention that she should take the whole estate. It seems to us probable that he intended by these words whatever property he had at the execution of his will, not required for the payment of debts and funeral charges, and not mentioned in or disposed of by previous clauses of the will. By the third clause, above quoted, the testator empowers his executor to dispose of the homestead estate, subject to the rights therein devised to his wife by the first clause, and whatever property he should acquire subsequently to the making of the will, and to divide it among his three sons, as therein expressed. The words, "all of my real estate and personal property that I am possessed of at my decease," taken by themselves, would include his entire property; but they are limited by the following words: "what remains of that property." These latter words were intended, as we think, to take out of the operation of the former the property previously disposed of by the preceding clauses of the will, and to make this clause, in effect, simply a general residuary clause.

The petition for a new trial must be denied.

　　　　　　　　　　　　　　　　　　　　　_Petition dismissed._