IDA L. R. LANGWORTHY *vs.* DANIEL A. CLARKE, JR., EX.

JUNE 28, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.  This is a bill in equity commenced in the Superior Court for the construction of a will and termination of a trust thereunder.  There are no facts in dispute and the cause, being ready for hearing for final decree, was certified to this court for determination under the provisions of Section 35, Chapter 339, G. L. 1923.

Peleg Randall, a resident of the town of Scituate, died on January 24, 1887, leaving the will now before us.  In the seventh clause of his will he created a trust and the respondent, Daniel A. Clarke, Jr., is the present trustee thereunder.

At the death of the testator there were two children living, Alexander and William A. Randall, and a grandchild, the complainant, Ida L. R. Langworthy.

The seventh and eighth clauses of the will are as follows: "SEVENTH.  I give, devise and bequeath to my two sons,

Alexander and William A., the net income of all the rest and residue of my real, personal and mixed estate, the same to be shared equally between them and be paid to them by my executor hereinafter mentioned and all my real, personal and mixed estate to be held in trust by my executor and be it understood in case said son William A. should die before said son Alexander leaving no issue then the whole of said net income shall be paid to my son Alexander during his natural life, and after his said Alexander's decease his child or children as the case may be shall share the same as he the said Alexander would if living, and in case my said son William A. should die leaving children then his children are to share the same as he the said William A. would if living, and in case either of my said sons should die before the other then the survivor is to receive the whole of said net income provided there is not any issue as before stated.

"EIGHTH. At the decease of my two sons Alexander and William A. I give, devise and bequeath all of my real, personal and mixed estate wheresoever the same may be situated or lying to my grandchildren the same being the children of my said sons Alexander and William A. and in case my said grandchildren should die leaving no issue, then all my real, personal and mixed estate I give, devise and bequeath to my brothers and sisters then living their heirs and assigns forever."

Alexander Randall died intestate January 10, 1916, leaving the complainant, Ida L. R. Langworthy, his sole surviving child, born while the testator was living. William A. Randall died intestate in July, 1928, leaving no children. Complainant is therefore the only grandchild of the testator. She claims the entire estate, free from the trust and all other interests, under the eighth clause of said will, and relies *inter alia* on the case of *Harris* v. *Dyer*, 18 R. I. 540. In that case the testator gave the residue of his estate to his children in six equal shares and provided: "in case of the death of any of the six named heirs to the residue of my estate, without leaving lawful issue, then the survivors will

inherit the portion of the deceased party, but in the case of the death of any one of the six parties named leaving lawful issue, then they are to inherit the parent's portion." It was held that the gift over in the event of the death of any of the devisees referred to a death in the lifetime of the testator. It will be observed that the bequests were to definitely-named devisees, the children of the testator.

In the instant case there was one grandchild living at the death of the testator but the gift was to all his grandchildren. The gift was, therefore, to a class and after-born grandchildren, if any, would share equally with those living when the testator died. Two sons survived the testator and the possibility that there might be other grandchildren was clearly in the mind of the testator when he made his will. It is improbable that he had in mind, when he made the gift over to his brothers and sisters, that he was providing for the contingency that, on the death of his two sons, there would not be living any of his grandchildren or their issue.

We are of the opinion nevertheless that an estate in fee vested in the complainant on the death of William A. Randall. While the gift to the grandchildren does not contain words of limitation, the language used was sufficient to pass a fee—Sec. 14, Chap. 298, G. L. 1923—not only under the statute but under the precedent established in *Waterman* v. *Greene*, 12 R. I. 483. We do not find any contrary intention in the will. If the testator intended to give his grandchildren a life estate only, as contended by respondent, he would not have used the comprehensive terms of the gift. "If the testator had intended to give only a life estate in the first instance he would have said so in the terms of the gift itself." *Harris* v. *Dyer, supra.*

We find nowhere in the will an intention that testator's brothers and sisters should enter into the enjoyment of any part of his estate during the lifetime of any of the grandchildren or their issue. Yet, if the construction of the will advocated by the respondents were adopted, it would

have been possible that this might happen. If there were two grandchildren living at the death of the last of the testator's two sons, and their interest was a life tenancy, in case one of the grandchildren should die, and the fee was vested in the brothers and sisters as the respondent contends, they would have been entitled to the beneficial enjoyment of one-half of the testator's estate until the fee was divested by the death of the other grandchild, leaving issue. This possibility is conclusive against respondents' contention that a life estate only was vested in the grandchildren with a defeasible fee in the testator's brothers and sisters.

As effect should be given whenever possible to all the provisions of a will, what effect can be given to the gift over to the testator's brothers and sisters? If it be regarded as an executory devise, it is clearly void under the rule against perpetuities as the expression "should die leaving no issue" must be given the meaning of indefinite failure of issue in view of the following cases. *Cooke* v. *Bucklin*, 18 R. I. 666, following *Burrough* v. *Foster*, 6 R. I. 534; see also *DeWolf* v. *Middleton*, 18 R. I. 810; *Pearce* v. *Rickard*, 18 R. I. 142; *Rhode Island Hospital Tr. Co.* v. *Bridgham*, 42 R. I. 161.

As a remainder cannot follow an estate in fee simple, in order to give effect to the testator's intention so far as the same can be ascertained from his will, the estate in fee simple to the first devisee is reduced to that of an estate in fee tail so that the limitation over may take effect as an estate in remainder. *DeWolf* v. *Middleton, supra*. This construction gives to the complainant an estate in fee tail. So much of the testator's estate as was personal property is vested in the complainant absolutely. *Cooke* v. *Bucklin, supra*.

Our determination is that the complainant, as to the real estate devised by the testator, took an estate in fee tail with remainder over to testator's brothers and sisters; that on the death of William A. Randall, the personal property vested in her absolutely, and that the trust

terminated, subject to an accounting, on the death of William A. Randall.

The parties may on July 3, 1933, present a form of decree for our approval to be entered in the Superior Court.

*Arthur Cushing,* for complainant.

*Charles E. Salisbury, W. Louis Frost,* for respondent.