FRANK L. HANLEY, Ex. *vs.* ETHEL MAY FERNELL *et al.*

JANUARY 10. 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This bill in equity is brought by the executor of the will of James L. Pettis praying for the construction of certain clauses in his will and for instructions relative thereto. All persons interested in the questions have been made parties. Testimony was presented in the Superior Court relative to the issues raised by the pleadings. The case, being ready for hearing for final decree, was certified to this court as required by § 4968, General Laws 1923.

Mr. Pettis died October 11, 1925, leaving a will which was executed August 5, 1924. The will disposed of all his estate by twenty-three paragraphs, the last being a gift of his residuary estate to the Rhode Island Hospital and to Saint Joseph's Hospital.

Most of Mr. Pettis' estate consisted of deposits in savings banks and trust companies. After the execution of his will Mr. Pettis withdrew or transferred all the money due him on the deposits mentioned in six paragraphs. The question presented is how these withdrawals or transfers by Mr. Pettis affect the legatees mentioned in these paragraphs.

Testimony of the attorney who drew the will as to statements made by the testator as to his intention in regard to his bequests has been offered by some of the interested parties. This testimony is inadmissible as there is no latent ambiguity in the will. The admission of such testimony would permit wills to be made by parol and would, in effect, repeal the statute requiring them to be in writing. *Lewis* v. *Douglass*, 14 R. I. 604; *Rhode Island Hospital Trust Co.* v. *Bradley*, 41 R. I. 174; *Wooley* v. *Hays*, 285 Mo. 566, 16 A. L. R. 1.

The legatees' rights are to be determined by the character of their bequests, that is, whether they are general, specific or demonstrative. A general legacy is one which is payable out of the general assets of the testator. A legacy is specific when it is the testator's intention that the legatee shall have the very thing bequeathed and not a corresponding amount in value. A demonstrative legacy partakes of the nature of both a general and a specific legacy. It is a gift of money payable out of a particular fund in such a way as to evince the testator's intent not to relieve his general estate from payment of the legacy in case the particular fund fails. The distinction between demonstrative legacies and specific legacies is that in the former the primary intention is that the legacy be paid in any event, even though the designated source fails, while in the latter the main intention is that the legacy be paid by the delivery of the identical thing, and that thing only, and in the event that at the time of the testator's death such thing is no longer in existence, the legacy will not be paid out of his general assets. *Lewis* v. *Douglass, supra; Dean* v. *Rounds,* 18 R. I. 436; *Gardner* v. *Viall,* 36 R. I. 436; 28 R. C. L. 289-292; 40 Cyc. 1870; 73 A. L. R. 1252. In determining whether a legacy is specific or demonstrative, the intention of the testator is of primary importance, and in ascertaining his intent the court may consider not only the particular bequest in question but the language of the entire will, together with the circumstances surrounding the testator at the time it was executed, including his relation to the legatees. *Gardner* v. *Viall, supra; Sherman* v. *Riley,* 43 R. I. 202; *Connly* v. *McElroy,* 46 R. I. 93; 28 R. C. L. 293; 40 Cyc. 1871.

Guided by these rules of construction we will examine the will of Mr. Pettis. The will was drawn by an attorney after several consultations with Mr. Pettis. It contains two classes of legacies—general and specific. Six paragraphs make general pecuniary gifts. Five paragraphs make specific gifts of certain deposit books. Of this latter class

the eleventh and twelfth are bequests to the respondents Ada Brooks and Edith M. Brooks. It is admitted by counsel for these two legatees that their bequests are specific and that only the amounts due on the designated books after the death of the testator belong to said legatees.

The principal question is whether four other paragraphs make specific or demonstrative gifts. One of these paragraphs, the tenth, reads: "I give and bequeath unto Ethel May Fernell the sum of $5,000, to be paid out of deposit no. 241704 in the Providence Institution for Savings, Providence, R. I." The thirteenth, fourteenth and eighteenth paragraphs read the same as the tenth excepting that the respondents Henry and Emma T. Brooks and Margaret Spaulding are named as legatees; the deposit is in a different institution for savings and the amount of the legacy in the thirteenth and fourteenth paragraphs is $1,000. These four legatees, or their legal representatives, contend that the legacies are demonstrative and not specific and that they should be paid out of the general assets of the estate; otherwise they will receive nothing, as the testator had no deposits in the banks named at the time of his death. The legatees in three similar paragraphs are not interested in the question raised because the deposits designated are sufficient to pay their legacies.

The plan of the will was to make some legacies general and payable in any event out of the general assets, and to make other legacies specific by giving the legatees named either the entire amount due on certain designated deposits or a specified amount to be paid out of a designated deposit. If the scrivener had inserted the word "only" after the word "paid" in these paragraphs—so the clause would read "to be paid only out of deposit no. . . ."—unquestionably the legacy would be specific, and probably the question now presented would not have arisen. The omission of the word "only" or language of similar import does not require us to construe the legacy to be demonstrative. Testator's direction that seven legatees be paid

out of different deposits shows that he intended that each legatee should be paid only out of the deposit designated and that none of these legatees should be paid out of deposits set apart for the benefit of the other legatees, or the general funds of his estate. In the preamble to his will he said he had no near relatives and had conveyed some of his property to friends of long standing. The legatees were not the natural objects of testator's bounty. . It appears that some of them received large gifts from him after he had made his will. Nothing in his will shows that he intended the legatees to receive any portion of his estate excepting from the deposits he had designated as the sources of payment.

We are of the opinion that the bequests mentioned in the bill of complaint are specific and not demonstrative, and that the legatees named in said bequests take only the deposits given to them or are to be paid only out of the particular deposits designated, and the parties are advised accordingly.

January 19, 1934, the parties may present a form of decree in accordance with this opinion to be entered in the Superior Court.

*Daniel A. Colton*, for complainant.

*Gardner, Moss & Haslam, Charles R. Haslam, Harry A. Tuell*, for Church of the Messiah.

*Comstock & Canning, Edward M. Brennan*, for Rhode Island Society for Prevention of Cruelty to Animals.

*Charles A. Curran*, for respondents Fernell *et al.*

*Adolph Gorman* for respondents Winsor.