HADLEY FALLS TRUST COMPANY *et al., Trs. vs.*

DONALD R. GREEN, JR. *et al.*

MAY 28, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

154

CONDON, J. This is a bill in equity for the construction of the last will and testament of Donald R. Green, late of Northampton, in the commonwealth of Massachusetts, deceased. Complainants Hadley Falls Trust Company and Constance McL. Green, widow of the testator, are cotrustees under the will and they have brought their bill against Donald R. Green, Jr., Lois A. Clark, formerly Lois A. Green, Elizabeth L. Green, a minor under the age of twenty-one years, children of the testator, and said Constance McL. Green in her individual capacity.

Each respondent, excepting Elizabeth L. Green, has in his or her own proper person appeared and filed an answer joining in the prayer for relief as set forth in the bill. As to Elizabeth L. Green the superior court appointed a guardian *ad litem* and he has filed an answer submitting her interests to the care and protection of the court. That court also appointed a representative of contingent interests of persons unascertained or not in being and he filed a like answer in behalf of such interests. Thereafter, the cause being ready for hearing for final decree in the superior court was certified to this court for our determination in accordance with the provisions of general laws 1938, chapter 545, §7.

The testator's will was duly probated in the probate court of Hampshire county, Massachusetts, but since he was seized and possessed of an eighth interest in a certain parcel of land situated at the northwesterly corner of Wash-

ington and Union streets in the city of Providence in this state, an authenticated copy of his will was filed in the probate court of this city. Thereafter that court appointed Hadley Falls Trust Company administrator *c.t.a.* of the testator's estate in Rhode Island, said company being already such administrator in Massachusetts as well as substituted trustee under the will. Because of the language which the testator used in disposing of his interest in said real estate in clause Fifth of his will, a question has arisen as to the legal nature of the estates devised to the beneficiaries therein named.

The clause reads as follows: "Fifth: I give, bequeath and devise my one-eighth interest in a ground lease in Providence, Rhode Island, in equal shares to my children, the issue of a deceased child taking per stirpes the same share as said deceased child would have taken if said deceased child had then survived me. The net income from my said interest in said ground lease, however, shall be paid to my said wife, Constance McL. Green, for and during the term of her natural life."

In order to determine the testator's intention it is necessary for us to know the nature of the interest which he actually owned. It does not appear from the will what that interest was. Evidence dehors the will may properly be considered to determine that fact. It may not be received, however, to show that the testator must have had a different intent from what his testamentary language reasonably discloses, when it is considered in the light of his actual interest in the realty to which he refers by the words "ground lease in Providence * * *." Evidence of this nature is in the record and we shall give it such limited consideration. It consists of the depositions of Addison B. Green, brother of the testator, and Russell L. Davenport, draftsman of the testator's will, both practicing attorneys in the city of Holyoke, Massachusetts, together with certain exhibits referred to therein.

According to that evidence testator derived his interest

in and to the realty in Providence, which he describes as an interest in a ground lease, from two devises, one in the will of his grandaunt Jennie L. Condon who deceased June 5, 1908, and the other in the will of his granduncle Frank Ross, brother of Jennie L. Condon, who deceased in 1921. By the first devise testator received an undivided one-sixteenth interest in the realty. At that time he was a minor and his father was appointed guardian of his estate. By the second devise he received another undivided one-sixteenth interest subject, however, to a lease which had been made subsequent to the decease of Jennie L. Condon and before the decease of Frank Ross. That lease had been executed on July 1, 1914 to the National Realty Company for a term of fifty years and is still in force. When the testator received the second devise he was of age but his interests in this particular property were more or less in the care of his brother Addison who also owned an interest in this real estate.

Addison testified that he knew about the ownership of the realty, the negotiations for and details of the lease, and that it was an ordinary lease for a term of years. He further testified that the testator had not had any experience with leases of realty such as to acquaint him with the fact that the lessor had a reversionary interest in the leased premises and he was certain that he had never heard the testator speak of a lessor's reversion. However, it appears from his testimony that the testator on at least two occasions saw certain letters of the lessee transmitting the rent in which it was referred to as "ground rent."

Russell L. Davenport testified that he drew the will and that the testator had said he came to him for that service because his brother Addison was ill at that time. He further testified that the testator, speaking of the interest disposed of in clause Fifth, had himself used the expression "ground lease in Providence"; that he, Davenport, had never heard of it in Massachusetts; and that he "simply took the description that Mr. Green made

of that interest, and used the words that he used and inserted them in the will in that form."

It thus appears from the above evidence that the interest which the testator had in Providence was a lessor's reversionary interest in the land which was demised to the National Realty Company, and that the net income from said interest was his share of the rent payable thereunder by the lessee. How he described that interest is of no importance, if it is clear by a reasonable construction of the language of clause Fifth that he intended to give whatever interest he had to his children and the net income therefrom to his wife.

A cardinal rule in the construction of wills is to ascertain the testator's intention and give it effect, unless it contravenes some positive rule of law. When once that intention is ascertained it is all-controlling and overrides all other mere rules of construction. And, as this court has often said, such intention is always to be sought in the language which the testator has used to give it expression. *Redding v. Rhode Island Hospital Trust Co.,* 67 R. I. 41. When that language in a particular clause of the will is clear and certain in its dispositive effect it is neither necessary nor proper to consider any other clause unless there is a conflict between them. *Industrial Trust Co. v. Wilson,* 61 R. I. 169. Moreover, it is the written expression of the testator taken in its natural sense and use and applied to existing facts that must control in ascertaining his testamentary intent. *Ogden, Petitioner,* 25 R. I. 373.

Guided by the above rules, we are of the opinion that there is no latent ambiguity in the fifth clause which requires us to consider evidence dehors the will to determine the testator's intention. If such an ambiguity may be said to exist it is, as previously stated, only as to the nature of the interest of which the testator was seized and possessed, and to clarify that matter the evidence heretofore discussed was considered. When that was done no latent ambiguity remained. There was at most perhaps a patent

ambiguity by reason of the testator's use of the expression "ground lease." Such an ambiguity, however, is to be resolved not by evidence but by construction. *Lewis* v. *Douglass,* 14 R. I. 604, 607; *Hanley* v. *Fernell,* 54 R. I. 84.

If the testator had not used the expression "ground lease" to describe the thing he was devising it is unlikely that any difficulty would have arisen over the correct interpretation of this particular devise. While it is technically inaccurate to describe a lessor's interest in demised realty as an "interest in a lease" and such a description might cause confusion if used in a formal conveyance of the realty, it is not necessarily productive of difficulty when used in a will. Lack of technical precision by a testator in devising interests in realty is not necessarily fatal. *Waterman* v. *Greene,* 12 R. I. 483. In the will before us the testator had no interest in a lease but a reversion.

Greater liberality in interpreting inartistic or untechnical testamentary language in such a case is authorized by precedent irrespective of statute. *Langworthy* v. *Clarke, Jr.,* 53 R. I. 418. G. L. 1938, chap. 566, §14. In that case the absence of words of limitation in the devise did not prevent the court from construing it as expressing the intent of the testator to devise a fee. Similarly the failure of the testator in the instant case to describe with technical exactness the interest in the real estate in Providence of which he was seized and possessed should not prevent us from construing his language to mean that he intended to give whatever interest he had in such real estate to his children, subject to the right of his wife for and during her natural life to enjoy the net income from such interest.

There is no other language in the will which indicates that he did not intend to divest himself by clause Fifth of all his interest in the land in Providence. It is clear that he intended to give his children something and plainly that was the interest of which he was seized and possessed, even though he may have mistakenly thought that such interest grew out of the lease and hence used the expression

"interest in a ground lease in Providence * * *." If such was not his intention his children would take nothing under the fifth clause. Manifestly he did not intend to give them the share of the rent which he had been receiving because he specifically bequeathed that to his wife. In the circumstances the devise of his interest to the children must necessarily be his reversionary interest or such devise would be bereft of all meaning as to them. Such an absurdity, especially in the face of the testator's effort to give his children his interest, cannot be justified.

Without doing violence to any canon of construction we think the testator's expression in clause Fifth can reasonably be read as a devise of his actual interest in the realty in Providence to his children and a bequest of the net income from said interest, which is his share of the rent, to his wife for her life. Only by doing this can we give effect to the true intention of the testator in accordance with his testamentary language. In coming to this conclusion we have disregarded the term "ground lease" and the evidence with reference to knowledge or lack of knowledge of its meaning on the part of the testator and attorney Davenport.

The Maryland system of ground rent leases, referred to in the guardian's brief, does not prevail in this state. Under that system such a lease is usually one for ninety-nine years coupled with a right of renewal forever. What is involved here is merely an ordinary lease for a definite term of years. It has no unusual incidents attached to it notwithstanding the testator's description of it as a "ground lease" and the lessee's references to "ground rent" in its letters of remittance of the rent to the lessor's agent. These are misnomers of a kind not uncommon among laymen in speaking of rights and interests in real property and of the devolution thereof. Since the Maryland system of ground rent leases does not prevail in this state the expression "ground lease" has no special, technical signification and does not create any real ambiguity in this will.

Under our construction, the net income of the testator's interest, that is, his share of the net rent under the lease, should be paid to the wife for her life and after her death to the children who are seized of the testator's interest in fee and, therefore, are entitled to the rents and profits therefrom. A devise, like a grant, of the reversion carries with it a right to the rent reserved in the absence of a direction to the contrary. The converse of such rule that a grant or devise of the rents and profits of land is in legal effect a devise of the land itself, *Goffe* v. *Goffe,* 37 R. I. 542, cannot be applied here in favor of Constance McL. Green for two reasons: first, because she has been given the net income only for her life; and, second, because the testator has made a clear disposition of the reversion to others.

Specifically answering the questions propounded in complainant's bill, under the fifth clause Donald R. Green, Jr., Lois A. Clark and Elizabeth A. Green take an estate in fee simple in the testator's reversion. Constance McL. Green takes a life estate in the net income from said interest; and, under the sixth clause of the will, neither Hadley Falls Trust Company nor Constance McL. Green as trustees thereunder take any interest in such real estate or in the lease thereof.

On June 7, 1948, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Elmer E. Tufts, Jr., John L. Clark, Edwards & Angell,* for complainants.

*James E. Flannery,* guardian ad litem and representative of contingent interests.